IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HERIBERTO F. SEVERINO,          :          CIVIL ACTION

                Plaintiff          :


       vs.          :          NO.


ASPLUNDH TREE EXPERT CO.,          :          JURY TRIAL DEMANDED

          Defendant          :


**COMPLAINT**


I.      **PRELIMINARY STATEMENT**


    1.    Plaintiff brings this action to redress violations committed by Defendant

Employers of the Fair Labor Standards Act (hereinafter  FLSA ), 29 U.S.C. § 201 <u>et</u>

III.   **PARTIES**

3.      Heriberto Severino is a resident alien of the United States.  He is a

Pennsylvania state resident who resides at 5817 Sylvester Street, Philadelphia, PA

19149.

4.      Asplundh Tree Expert Company is a vegetation management company

with its principal place of business at 708 Blair Mill Road, Willow Grove, PA

19090-1701.

5.      Asplundh Tree Expert Company is an employer within the meaning of 29

U.S.C. § 203(d) and 43 P.S. § 260.2a.

IV.   **STATEMENT OF FACTS**

6.      In April, 2003, Heriberto Severino was hired at Asplundh Tree Expert

fifteen ($15.00) dollars per hour.

10.     Plaintiff typically worked 60 hours per week, working 10-hour days 6 days

per week.  On some weeks, Plaintiff would work up to 85 or 90 hours.

11.     Although Plaintiff often worked over 40 hours per week, he was not

compensated at a rate one and one-half (1 ½) times his rate of pay for the hours he

worked in excess of 40 hours per week.

12.     The only compensation that Plaintiff received for hours worked in excess

of 40 hours per week was in the form of expenses, which were calculated at his normal

rate of pay.

13.     Since the Defendant Employer did not pay Plaintiff s overtime as wages,

the employer also failed to make any deductions for taxes from Plaintiff s unpaid

overtime wages or to contribute the employer s required share of taxes and benefits.

Defendant Employer misreported nearly 1,140 of Plaintiff s working hours as expenses

and denied Plaintiff an overtime rate of pay for nearly 1,125 of Plaintiff s overtime

working hours.

18.     Plaintiff s last day of work was September 10, 2003, and at that time

Plaintiff was owed approximately ten thousand ($10,000.00) dollars in missing wages

and overtime pay.

19.     At all times relevant hereto, Defendant Employer was aware and showed

a reckless disregard for the payment of Plaintiff s wages and the payment of Plaintiff s

overtime wages required under federal, state and local law.

20.     At all times relevant hereto, Defendant Employer was aware of and

showed a reckless disregard for whether Plaintiff was an employee under the FLSA

and WPCL and failed to withhold proper federal, state and local taxes, as well as failed

**V.      STATEMENT OF CLAIMS**

COUNT I: FAILURE TO PAY WAGES, OVERTIME AND TAXES

24.      Plaintiff incorporates by reference paragraphs 1-23 above as if fully set

forth herein.

25.      The Defendant Employer violated the rights guaranteed to Plaintiff by the

WPCL, 43 Pa.C.S. § 260.1 et seq., and the provisions of the FLSA, 29 U.S.C. § 201 et

seq., by failing to compensate him for his hours worked at his regular rate of pay as

well as those worked in excess of forty hours per week at a rate not less than one and

one-half (1 ½) times the regular rate at which he was employed.

26.      The Defendant Employer violated  the rights guaranteed to Plaintiff by the

WPCL, 43 Pa.C.S. § 260.1  et seq., and the provisions of the FLSA, 29 U.S.C. § 201  et

seq., by failing to pay the required employer taxes and benefits and by to failing report,

30.     The Defendant Employer s actions were willful.


## COUNT III: FAILURE TO PAY WAGES AND

## OVERTIME COMPENSATION WHEN DUE


31.     Plaintiff incorporates by reference paragraphs 1-23 above as if fully set

forth herein.


32.     By and through the conduct described above, Plaintiff was deprived of his

right to be paid wages, overtime compensation and to have taxes and benefits

withheld, contributed to and reported to federal, state and local government agencies in

accordance with the timeliness and prompt payment provisions of the WPCL and the

FLSA.


33.     The Defendant Employer s actions were willful.

4.      An injunction and declaratory judgment requiring the Defendant Employer

to pay employer taxes on the Plaintiff's behalf, including federal, state and local income

taxes, Social Security taxes, and unemployment insurance taxes, which should have

been paid on his behalf during the course of his employment;

5.      An injunction and declaratory judgment requiring the Defendant Employer

to report all corrected wages and withholding taxes to all appropriate county, state and

federal agencies on Plaintiff's behalf to be applied to the proper time frame when

earned;

6.      Attorneys fees and costs incurred by the Plaintiff in the prosecution of this

action;

7.      Fines and penalties for non-compliance with statutory requirements; and

8.      All other relief that the Court may deem to be just and proper.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERIBERTO F. SEVERINO, | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | NO. |
| ASPLUNDH TREE EXPERT CO., | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**CONSENT TO SUIT UNDER THE FAIR LABOR STANDARDS ACT**

    I,  HERIBERTO F. SEVERINO, pursuant to 29 U.S.C. § 216(b), hereby give my

consent to sue as a party Plaintiff in the above-captioned action.